UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62465-CIV-DIMITROULEAS

KATHLEEN HOPLER, individually,
and as next friend and daughter of
LOIS GREISCHEL,
an incapacitated person,

    Plaintiffs,

vs.

CRYSTAL TOWER, INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Crystal Tower, Inc.'s Affirmative Defenses & Motion to Strike Crystal Tower, Inc.'s Prayer for Attorneys' Fees (the "Motion") [DE 15], filed herein on February 4, 2014.  The Court has carefully considered the Motion [DE 15], the Response [DE 22], the Reply [DE 23], and relevant portions of the record.  The Court is otherwise fully advised in the premises.

### I.    BACKGROUND[1]

The parties to this action are plaintiffs Kathleen Hopler ("Plaintiff"), as next friend and daughter of Lois Greischel, an incapacitated person ("Greischel"), and defendant Crystal Tower, Inc. ("Defendant").  Greischel is an 82-year old disabled woman suffering from dementia. [DE 1 ¶ 6].  She is bedridden, unable to speak, incontinent, extremely depressed, and anxious. [*Id.*].  Accordingly, Greischel relies on an assistance animal that provides support for and/or ameliorates at least one of the symptoms of her handicap.  [*Id.* ¶ 7].

---

[1] These facts are taken from the Complaint [DE 1].

1

Greischel owns and resides in a property located at 322 Buchanan Street, #503, Hollywood, FL 33019, which is a "dwelling" under 42 U.S.C. § 3602(b). [*Id.* ¶¶ 8-9]. Defendant governs that dwelling and, in 1979, amended the applicable by-laws to establish a no-pet policy. [*Id.* ¶¶ 9-10]. On or about July 10, 2012, Plaintiff, on behalf of Greischel, requested that Defendant waive the no-pet policy as a reasonable accommodation for Greischel's disability. [*Id.* ¶ 11]. In support of the request, Plaintiff provided documentation from Greischel's medical provider, Dr. Benezra. [*Id.*]. Defendant, via a letter sent on September 15, 2012, denied that request and threatened legal action if the assistance animal was not removed by September 24, 2012. [*Id.* ¶ 12].

On November 11, 2013, Plaintiff initiated this action, alleging the following causes of action pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*: (1) Count I for Failure to Reasonably Accommodate; and (2) Count II for Retaliation in Violation of 42 U.S.C. § 3671. [DE 1 ¶¶ 23-43]. On January 14, 2014, Defendant filed its answer, asserting four affirmative defenses: (1) unclean hands; (2) ripeness; (3) lack of subject matter jurisdiction; and (4) a denial that Defendant was required to make an accommodation to Plaintiff or Greischel. [DE 10 ¶¶ 13-16]. Defendant also seeks attorneys' fees. [*Id.* ¶¶ 17-18]. Through the instant Motion [DE 15], Plaintiff, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (the "Rules"), seeks to strike Defendant's four affirmative defenses and request for attorneys' fees.[2]

## II.   STANDARD OF REVIEW

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 8 applies to

---

[2] The Complaint additionally describes arbitral and state court proceedings between Plaintiff and Defendant; however, those details are not pertinent to the issues addressed herein. *See* [DE 1 ¶¶ 13-17].

2

affirmative defenses.  *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009).  Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it."  Although a defendant, under Rule 8, does not have to set forth detailed factual allegations, the defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09–21698–Civ, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010).

Though the pleading standard is liberal, Rule 12(f) enables a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are generally disfavored and are usually denied unless the allegations have no conceivable relationship to the controversy and may prejudice one of the parties.  *Bristol Home,* 2009 WL 2488302, at *2.  "On the other hand, weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome."  *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, No. 08–81356–CIV, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009) (internal quotation marks omitted).

Therefore, a court will grant a motion to strike only if a defense is legally insufficient as a matter of law under the allegations of the pleadings.  *Id.*; *see also Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law."  *Anchor Hocking Corp.*, 419 F. Supp. at 1000 (internal citations omitted).

### III. DISCUSSION

Plaintiff argues that Defendant's four affirmative defenses are insufficient as a matter of law. In response, Defendant addresses only its third affirmative defense, namely that the Court lacks subject matter jurisdiction because Plaintiff's claims are compulsory counterclaims that should have been brought in a separate state court proceeding between the parties. Defendant does not address its other defenses, fails to mention Rule 12(f) or motions to strike, and argues that the Court should not adjudicate this matter because the parties are involved in a concurrent state court action.

For the following reasons, the Court will strike Defendant's affirmative defenses. First, the Court finds that Defendant's failure to address the first, second, and fourth affirmative defenses is a tacit acknowledgment that those defenses are immaterial or impertinent. Accordingly, the Court will strike those defenses. *See* Fed. R. Civ. P. 12(f) (allowing the court to strike from any pleading any "immaterial" or "impertinent" matter); *see also* Local Rule 7.1(c) (allowing the court to grant a motion by default if not opposed within the appropriate deadline).

Second, Defendant's third affirmative defense fails as a matter of law. That defense provides as follows:

> As and for its third affirmative defense, [Defendant] avers that **this Court lacks jurisdiction over these disputes**. More specifically, [Plaintiff's] claims in this action are not only their defenses to the state court action and the arbitration action currently that are pending, but are mandatory counterclaims to the state court action. As such, and if Hopler and Greischel wish to prosecute these claims, they must be brought as counterclaims to the already pending state court action involving the same dispute, and then removed to this Court if they wish to have, *inter alia*, the federal claims raised therein adjudicated in this forum. As such, the claims in the Complaint are barred as a matter of law.

[DE 10 ¶ 15] (emphasis added).

The Court disagrees with Defendant's assertion that an issue regarding state court compulsory counterclaims has any bearing on the Court's subject matter jurisdiction. *See, e.g., Gipson v. Mattox*, No. Civ.05-0601-WS-C, 2006 WL 448813, at *2 (S.D. Ala. Feb. 21, 2006) ("T[]he primacy and pendency of the State Court Action have no bearing on the threshold question of whether federal subject matter jurisdiction exists here." (citing *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004)). Although there is a compulsory counterclaim rule that may bar causes of action in some contexts, *see, e.g., Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378 (11th Cir. 1991), that bar is not jurisdictional in nature. *See Tuscano v. Evening Journal Ass'n*, 179 F. App'x 621, 625-27 (11th Cir. 2006) (holding that court had subject matter jurisdiction but that complaint was barred by *res judicata*). Moreover, despite its defense based on a lack of jurisdiction, Defendant inconsistently states that "this Court's jurisdiction over such claims is undisputed." *See* [DE 22 at 6]. Thus, Defendant's third affirmative defense—that the Court lacks subject-matter jurisdiction—is both insufficient and immaterial.

Finally, the Court declines to strike Defendant's request for attorneys' fees.[3] As acknowledged by Plaintiff, the FHA provides for awards of attorneys' fees in some circumstances. *See* [DE 15 at 8-9]. Defendant's request adequately notifies Plaintiff that Defendant will seek those fees pursuant to the FHA's requirements. And the Court cannot conclude, at this stage, that Defendant can prove no set of facts to support a claim for attorneys' fees. *See Ahamad v. Maxim Healthcare Servs., Inc.*, No. 5:13–cv–338–Oc–10PRL, 2013 WL 5781245, at *3 (M.D. Fla. Oct. 25, 2013) (declining to strike claim for attorneys' fees because "[i]t cannot be said . . . at this stage in the proceedings that Defendant can prove no set of facts to support a future claim for attorney's fees).

---

[3] Defendant did respond to this argument. *See* [DE 22 at 8].

## IV.    CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 15] is hereby **GRANTED IN PART AND DENIED IN PART**;

2. Defendant's first, second, third and fourth affirmative defenses are **STRICKEN**; and

3. Defendant may file an amended answer on or before April 10, 2014.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 31st day of March, 2014.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record