## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-62465-CIV-DIMITROULEAS

KATHLEEN HOPLER, individually,
and as next friend and daughter of
LOIS GREISCHEL,
an incapacitated person,

      Plaintiffs,

vs.

CRYSTAL TOWER, INC., and
FRANK COPPOLA, individually,

      Defendant.

_____/

### ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (the "Motion") [DE 35], filed herein on April 24, 2013.  The Court has carefully considered the Motion [DE 35], the Plaintiffs' Response [DE 43], and the Defendant's Reply [DE 47].  The Court is otherwise fully advised in the premises.

### I.      BACKGROUND

The parties to this action are Plaintiff Kathleen Hopler ("Hopler"), Plaintiff Lois Greischel ("Greischel" and together with Hopler, "Plaintiffs"), Defendant Crystal Tower, Inc. ("Crystal Tower"), and Defendant Frank Coppola ("Coppola" and together with Crystal Tower, "Defendants").  Hopler is a natural person residing at 322 Buchanan Street, Hollywood, Florida, 33019 (the "Residence").  [DE 34 ¶ 3].  Greischel, Hopler's mother, also resides at the Residence.  [*Id.* ¶ 4].  The Residence is a condominium building operated by Crystal Tower and its President, Coppola. [*Id.* ¶ 5].

Greischel, an 82 year old woman, suffers from dementia and is bedridden, incontinent, depressed, anxious, and unable to speak.  [*Id.* ¶ 9].  On or about July 10, 2012, Hopler, on behalf of Greischel, formally requested that Defendants waive the Residence's no-pet policy as a reasonable accommodation for Greischel's disability-related need for an emotional support animal.  [*Id.* ¶ 13].  Greischel's doctor, Dr. Benezra, provided a note attesting to Greischel's impairment.  [*Id.* ¶ 13].  Defendants responded, via counsel, with a letter stating that:

   a.    Crystal Tower believed the doctor note "to be an act, on your part-to deceive it, regardless of what facts therein may or may not be true."

   b.    If the dog was not removed by September 24, 2012, legal action would be taken, and Plaintiffs would be forced to reimburse Defendants for costs and attorney's fees should Defendants prevail.

[*Id.* ¶ 14].

The parties subsequently initiated various administrative and legal proceedings regarding Greischel's emotional support animal.  In October 2012, Crystal Tower filed a Petition for Mandatory non-Binding Arbitration (the "Petition") with the State of Florida Department of Business and Professional Regulation ("DBPR"), Division of Florida Condominiums, Timeshares and Mobile Homes.  [*Id.* ¶ 15].  The DBPR subsequently dismissed the Petition on July 8, 2013, after Crystal Tower failed to file a status update.

On or about December 12, 2012, Hopler, on behalf of Greischel, filed a housing discrimination complaint against Crystal Tower with the Broward County Human Rights Division.  [*Id.* ¶ 17].  On or about October 2, 2013, the Broward County Human Rights Division determined that there was reasonable cause to believe that Crystal Tower had discriminated against Greischel based on her disability.  [*Id.* ¶ 20].

Meanwhile, on August 14, 2013, Crystal Tower filed suit against Plaintiffs in Florida state court, seeking damages, attorney's fees, and removal of Greischel's animal.  The state court

suit was dismissed for failure to exhaust administrative remedies.  [*Id.* ¶ 19].  On December 10,

2013, Defendants filed another Petition for Mandatory Non-Binding Arbitration.  [*Id.* ¶ 21].

Finally, Plaintiffs initiated the instant action on November 11, 2013.  *See* [DE 1].

Through the Amended Complaint, Plaintiffs assert the following two counts under the Fair

Housing Amendments Act ("FHAA"): (1) Failure to Reasonably Accommodate; and (2)

Retaliation in Violation of 42 U.S.C. § 3617.  [DE 34 ¶¶ 28-49].  Through the Motion [DE 35],

Crystal Tower seeks dismissal for lack of standing and, alternatively, for failure to state a claim.

## II.   STANDARD OF REVIEW

### A.   Subject Matter Jurisdiction

As a threshold matter, the Court must determine if jurisdiction exists before proceeding to

the merits of the case.  *Sinochem Int'l Co. v. Malay Int'l Shipping Corp*, 127 S. Ct. 1184, 1191

(2007) ("Without jurisdiction the court cannot proceed at all in any cause; it may not assume

jurisdiction for the purposes of deciding the merits of the case." (internal quotations omitted)).

"The burden for establishing federal subject matter jurisdiction rests with the party bringing the

claim."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1247 (11th Cir. 2005).

"Federal courts cannot exercise jurisdiction over cases where the parties lack standing."

*Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist*., 647 F.3d 1296, 1302 (11th Cir. 2011).

This principle exists because there is "a constitutional limitation of federal-court jurisdiction to

actual cases or controversies" and "[o]ne element of the case-or-controversy requirement is that

plaintiffs must establish that they have standing to sue."  *Clapper v. Amnesty Intern. USA*, 133

S.Ct. 1138, 1146 (2013) (internal citations and quotations omitted).  To establish standing, "a

plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized

and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Fla. Wildlife Fed'n, Inc.*, 647 F.3d at 1302 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Id.*

**B.**     **Failure to State a Claim**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).  When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Crystal Tower asserts two arguments in favor of dismissal. First, Crystal Tower argues that Hopler lacks standing as next friend of Greischel. Second, Crystal Tower argues that Plaintiffs fail to state a claim. The Court will consider each argument in turn.

### A.   Standing

Hopler brings this action in two capacities: (1) her individual capacity; and (2) as next friend of Greischel, who is incapacitated. Crystal Tower asserts that Hopler does not satisfy the requirements for standing to sue as next friend of Greischel.[1] The Court disagrees.

To sue in a next friend capacity, the plaintiff must adequately show that the real party at interest is unable to pursue his or her own claims due to some disability or lack of access to the court. *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-165 (1990)). Additionally, "the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party at interest." *Id.* at 641 (citing *Whitmore,* 495 U.S. at 163-164).

Hopler alleges that she lives with her bedridden mother, who suffers from severe dementia and an inability to speak. These allegations, if true, exhibit that Greischel suffers a disability that prevents her from accessing the courts. Moreover, the mother-daughter

---

[1] Hopler has standing to sue individually because she has alleged that she is a person associated with Greischel, a handicapped resident. *See Falin v. Condominium Ass'n of La Mer Estates, Inc.*, No. 11–61903–CV, 2011 WL 5508654, at *2 (S.D. Fla. Nov. 9, 2011) (holding that a son had individual standing to sue under the FHA where he was "associated with" his handicapped mother who suffered the alleged discrimination).

relationship and cohabitation sufficiently suggest that Hopler is dedicated to Greischel's interests.  Thus, Hopler has sufficiently established standing to sue as next friend of Greischel.

**B.**     **Failure to State a Claim**

Crystal Tower asserts that the Amended Complaint [DE 34] should be dismissed because it is implausible.  The Court disagrees.

**1.**     **Count 1 – Failure to Reasonably Accommodate**

"In order to state a cause of action under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must show that (1) the plaintiff suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendant knew of the plaintiff's handicap or should reasonably be expected to know of it; (3) the accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendant refused to make such accommodation." *Stassis v. Ocean Summit Ass'n, Inc*., No. 08-60279-CIV, 2008 WL 1776988, at *2 (S.D. Fla. Apr. 17, 2008).  Plaintiffs' allegations satisfy each of these elements.

Plaintiffs allege that Greischel is bedridden and suffers from severe dementia and that Defendants knew of this handicap.  Specifically, on or about July 10, 2012, Plaintiffs filed a request for a waiver of the no-pet policy and provided Defendants with documentation from Greischel's doctor as to her handicap.  [DE 34 ¶ 13].  Furthermore, Plaintiffs allege that the dog provides support for and/or ameliorates at least one of the identified symptoms or effects of Greischel's handicap.  [*Id.* ¶ 9].  The amelioration provided by the dog may be necessary to allow Greischel the equal opportunity to enjoy her home.  Finally, Plaintiffs allege that Defendants refused to make the accommodation.  [*Id.* ¶ 35].

Thus, the allegations, if true, plausibly establish that Defendants refused to make a necessary accommodation for a resident they knew to be handicapped.  Defendants may

challenge any relevant factual element of this action as the litigation proceeds; at this stage, however, the allegations are sufficient to prevent dismissal.

    *2.*    **Retaliation in Violation of 42 U.S.C. § 3617**

It is unclear whether Crystal Tower seeks dismissal of Count II.  Regardless, the Court finds that Plaintiffs have sufficiently stated a claim for retaliation.

"The FHA prohibits retaliation for an individual's exercise of rights guaranteed by the Act." *Lee v. McCreary*, No. 1:09-CV-2271-RWS, 2010 WL 925173, at *6 (N.D. Ga. Mar. 8, 2010) (citing 42 U.S.C. § 3617).  "FHA cases are, like Title–VII retaliation cases, subject to the *McDonnell Douglas* burden-shifting approach."  *Hall v. Lowder Realty Co., Inc*., 160 F. Supp. 2d 1299, 1323 (M.D. Ala. 2001).  However, "[a]t the motion to dismiss stage [ ], where no evidence yet exists, plaintiffs are not required to 'make a showing of each prong of the prima facie test' outlined in *McDonnell Douglas*."  *Eason v. Evans Cnty. Bd. of Comm'rs*, No. 6:13-CV-41, 2013 WL 5674497, at *2 n.2 (S.D. Ga. Oct. 17, 2013) (quoting *Raj v. La. State Univ*., 714 F.3d 322, 331 (5th Cir. 2013)).  Accordingly, a plaintiff sufficiently states a retaliation claim where he alleges that the defendant threatened to terminate the plaintiff's lease, mentally antagonized the plaintiff, and levied frivolous fines in retaliation for the plaintiff's attempts to receive accommodations and for filing complaints with housing agencies.  *See McReary*, 2010 WL 925173, at *6.

Plaintiffs allege that, after filing a request for a reasonable accommodation, they received from Defendants a letter threatening legal action and a subsequent Petition for Mandatory Non-Binding Arbitration.  [DE 34 ¶¶ 13-15].  Moreover, on or about December 12, 2012, Hopler filed a housing discrimination complaint with the Broward County Human Rights Division against Defendants, and on August 14, 2013, Defendants filed suit against Hopler.  [*Id.* ¶¶ 17, 19].

These allegations state a plausible claim that Crystal Tower retaliated against Plaintiffs in response to Plaintiffs' exercise of rights under the FHA.

**IV.**   <u>**CONCLUSION**</u>

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [DE 35] is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 19th day of June, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record