UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62465-CIV-DIMITROULEAS

KATHLEEN HOPLER, individually,
and as next friend and daughter of
LOIS GREISCHEL,
an incapacitated person,

    Plaintiffs,

vs.

CRYSTAL TOWER, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiffs' Motion to Strike Defendants' Affirmative Defenses to Plaintiffs' First Amended Complaint (the "Motion") [DE 67], filed herein on July 25, 2014.  The Court has carefully considered the Motion [DE 67] and the Response [DE 69] and notes that no reply was filed.  The Court is otherwise fully advised in the premises.

### I.   BACKGROUND

The background facts have been adequately set forth in previous orders and need not be repeated herein.  *See* [DE 24; DE 57].  Through the instant Motion [DE 67], Plaintiffs seek to strike Defendants' first, second, and third affirmative defenses.

### II.   STANDARD OF REVIEW

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).  Rule 8 applies to

1

affirmative defenses. *FDIC v. Bristol Home Mortg. Lending, LLC*, No. 08-81536-CIV, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009). Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it." Although a defendant, under Rule 8, does not have to set forth detailed factual allegations, the defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09–21698–Civ, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010).

Though the pleading standard is liberal, Rule 12(f) enables a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and are usually denied unless the allegations have no conceivable relationship to the controversy and may prejudice one of the parties. *Bristol Home,* 2009 WL 2488302, at *2. "On the other hand, weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, No. 08–81356–CIV, 2009 WL 2169869, at *2 (S.D. Fla. July 20, 2009) (internal quotation marks omitted).

Therefore, a court will grant a motion to strike only if a defense is legally insufficient as a matter of law under the allegations of the pleadings. *Id.*; *see also Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Anchor Hocking Corp.*, 419 F. Supp. at 1000 (internal citations omitted).

### III.     DISCUSSION

A.     **First Affirmative Defense**

Defendants' first affirmative defense provides, in pertinent part, as follows:

> [T]he dog that is currently being kept in Unit 503 [Unit] of the condominium property operated by the Association [Condominium] does not alleviate one of the identified symptoms or effects of Greischel's existing disability, thus the Plaintiff is barred from maintaining the instant matter.

[DE 58 at 4]. Plaintiffs contend that this affirmative defense is actually a denial of the allegations in the complaint and, therefore, should be stricken.

The Court agrees that the first affirmative defense is actually a denial. The crux of Plaintiffs' allegations is that the dog provided support for and/or ameliorated at least one of the symptoms of Greischel's handicap. The first affirmative defense is a denial of those essential allegations. The Court will strike that defense but allow Defendants an opportunity to file an amended answer.[1]

B.     **Second Affirmative Defense**

Defendants' second affirmative defense provides, in pertinent part, as follows:

> [T]he dog that is being kept in the Unit is a nuisance, and as such, the Plaintiff is barred from seeking the relief that is requested in the Complaint. In addition to the foregoing, Hopler's pet is a nuisance, insomuch as Hopler refuses to, *inter alia*, control the animal while it is outside of the Unit, she refuses to clean up after the animal defecates on the common elements of the Condominium and she permits the dog to bark at all hours of the night. Even if the dog is an emotional support animal that assists Greischel with her disability, and not simply Hopler's pet, the fact that the dog constitutes a nuisance in the Condominium is a sufficient reason for the Association to refuse a request for a reasonable accommodation concerning it. *See* 24 C.F.R. § 8.33 (2013).

---

[1] The Court acknowledges other courts' holdings that the appropriate remedy is to treat a purported defense as a denial. *See, e.g., Adams v. Jumpstart Wireless Corp.*, No. 13–61306–CIV, 2013 WL 5535862, at *2 (S.D. Fla. Oct. 7, 2013) ("[W]hen a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial."). However, the Court finds that the more appropriate remedy in this instance is to strike the technically deficient affirmative defense without prejudice to Defendants filing an amended answer, which can set forth proper denials and/or affirmative defenses. *See, e.g., Oriole Gardens Condominium Ass'n I v. Aspen Specialty Ins. Co.*, No. 11–62281–CV, 2012 WL 864629, at *2-3 (S.D. Fla. Mar. 13, 2012) (striking insufficient affirmative defense but granting leave to file amended answer).

[DE 58 at 5]. Plaintiffs assert that there is no "nuisance" affirmative defense under the Fair Housing Act. In response, Defendants suggest that a requested accommodation may be denied if it is unreasonable and that a request for a "nuisance" is always unreasonable.

The parties' arguments as to the second affirmative defense boil down to semantics. The FHA requires reasonable accommodations, and "the Eleventh Circuit has held that an accommodation is unreasonable if '(1) it would impose an undue financial and administrative burden on the housing provider or (2) it would fundamentally alter the nature of the provider's operations.'" *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13–23074–CIV, 2014 WL 3908057, at *3 (S.D. Fla. July 29, 2014) (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1220 (11th Cir. 2008)). In substance, Defendants appear to contend that the dog is a nuisance and, therefore, either creates an undue burden or alters the nature of the condo's operations. Accordingly, the defense is that the request for accommodation is unreasonable. Nevertheless, the Defendant's use of the "nuisance" terminology is impertinent and causes needless confusion as to the appropriate issues. Therefore, the Court will strike that defense without prejudice.

**C.      Third Affirmative Defense**

Defendants' third affirmative defense provides, in pertinent part, as follows:

> [T]he Plaintiff has failed to state a cause of action against Coppola. Specifically, each and every decision made by the Association regarding Hopler's pet was done pursuant to a vote of the Association's board of directors. Consequently, the Plaintiff's request for relief against Coppola, individually, is barred as a matter of law.

[DE 58 at 5-6]. This defense is actually a denial. *See, e.g., Long v. Baker*, No. 8:12–cv–1943–T–35TBM, 2013 WL 3887740, at *2 (M.D. Fla. Aug. 7, 2014) (striking affirmative defense of

4

"failure to state a claim" but granting leave to replead the defense as a specific denial).

Accordingly, the Court will strike the third affirmative defense without prejudice.

### IV. CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 67] is hereby **GRANTED**;

2. Defendant's first, second, and third affirmative defenses are **STRICKEN WITHOUT PREJUDICE**; and

3. Defendant may file an amended answer on or before September 15, 2014.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 5th day of September, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record